IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00064-BNB

GERALD LYNN LUCAS, typed incorrectly as
GERALD YNN LUCASS,

    Applicant,

v.

ROD COZZETTO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 4 2009

GREGORY C. LANGHAM
    CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Gerald Lynn Lucas, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Lucas initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case numbers 02CR1918 and 02CR2528. He has paid the $5.00 filing fee for a habeas corpus action.

On March 10, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On April 14, 2009, after being granted an extension of time, Respondents filed their pre-answer response asserting that the

instant action is barred by the one-year limitation period, among other arguments. On April 6, 2009, Mr. Lucas filed a reply to the pre-answer response.

The Court must construe liberally the application and the reply filed by Mr. Lucas because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Lucas's convictions arose from an incident described by the Colorado Court of Appeals in *People v. Lucas*, No. 06CA2429 (Colo. Ct. App. Feb. 21, 2008) (*Lucas II*) (not published), as follows:

> Defendant refused his parole officer's request for a urine sample and admitted that he had recently used methamphetamine. The parole officer took defendant into custody and searched his apartment and vehicle, as well as a second vehicle linked to defendant by circumstantial evidence. Soon thereafter, police officers obtained a warrant and conducted a second set of searches. During the various searches, the parole officer and the police officers discovered chemicals, paraphernalia, and other items indicative of methamphetamine manufacturing activity, including two bottles filled with a liquid substance that contained methamphetamine (as established through subsequent testing in a criminalistics laboratory).

*Id.* at 1 (app. N at 1).

The initial proceedings, as described by the Colorado Court of Appeals in *People v. Lucas*, No. 03CA2096 (Colo. Ct. App. June 3, 2004) (*Lucas I*) (not published), were as follows:

> Defendant was charged with unlawful manufacture of a schedule II controlled substance, a class three felony. He proceeded to a jury trial and was convicted as charged. After the conviction but before sentencing, the prosecution moved to amend the information to charge a class two felony rather than a class three felony, based on defendant's repeat offender status. The trial court allowed the amendment after hearing evidence of that status.
>
> Defendant was charged in a second case with second degree burglary, forgery, conspiracy to commit forgery, theft, and several habitual criminal counts.
>
> Before sentencing in the controlled substance case, but after the charge in that case was amended, the parties reached a plea and sentencing agreement in both cases, by which defendant would plead guilty to second degree burglary and would agree to a twenty-five-year sentence in the burglary case to run concurrently with an agreed twenty-five-year sentence for the controlled substance conviction. All other charges in the burglary case would be dismissed. Defendant was advised by the court and pleaded guilty to second degree burglary, as contemplated by the plea agreement. Nothing in the record indicates that defendant entered a plea of guilty to the class two felony in the controlled substance case.
>
> Before sentencing, defendant filed a motion to withdraw his guilty plea. The court denied the motion and sentenced defendant to concurrent sentences of twenty-four years for second degree burglary and twenty-five years for manufacture of a controlled substance. The remaining charges associated with the burglary case were dismissed. As part of the plea agreement, defendant also gave up his right to appeal his conviction in the controlled substance case.

3

*Id.* at 1-2 (app. F at 1-2).  On October 28, 2002, he was sentenced to twenty-five years of incarceration and to five years of parole.  **See** app. A at 4 (register of actions).  Mr. Lucas did not appeal directly from his judgment of conviction or sentence.

On December 24, 2002, Mr. Lucas filed a motion requesting free transcripts in both criminal cases.  **See** app. A at 4 (register of actions); ***Lucas I*** at 2 (app. F at 2). The Colorado Court of Appeals found in ***Lucas I***:

> In the motion, he claimed that he needed transcripts to prepare a Crim. P. 35 motion to assert that his counsel was ineffective during trial in the controlled substance case and that his plea agreement in the burglary case was not voluntary.
>
> The trial court denied the motion, finding that defendant had been fully advised of his rights at the time of the plea, was competent to enter the plea, and therefore could not sustain a Crim. P. 35 motion.  Defendant filed a motion for reconsideration, which the court denied, making additional findings that defendant had pleaded guilty to the controlled substance charge and that any ineffectiveness by his trial counsel was therefore inconsequential.
>
> Defendant also filed a motion for disqualification of the trial judge, asserting that the judge was biased against him because the judge had presided over a civil proceeding involving termination of defendant's parental rights.  The trial court denied this motion on the grounds that it was legally insufficient.

***Lucas I*** at 2-3 (app. F at 2-3).

The Colorado Court of Appeals affirmed the denial of Mr. Lucas's request for free transcripts concerning his guilty plea in the burglary case, affirmed the trial court's order denying his recusal motion, reversed the trial court's order denying his motion for free transcripts to prepare a motion pursuant to Rule 35(c) of the Colorado Rules of

4

Criminal Procedure alleging that counsel performed ineffectively at the trial on the controlled substance charge, and remanded for further proceedings. *See Lucas I* (app. F); *see also Lucas II* at 2-3 (app. N at 2-3).

On remand, the trial court on January 27, 2005, ordered that trial transcripts be prepared at state expense and provided to Mr. Lucas. *See* app. A at 6 (register of actions). On September 21, 2005, Mr. Lucas filed his Colo. R. Crim. P. 35(c) motion alleging ineffective assistance of counsel on several grounds. *See* app. B (Colo. R. Crim. P. 35(c) postconviction motion); *see also Lucas II* at 3 (app. N at 3). In *Lucas II*, the Colorado Court of Appeals determined:

> Thereafter, court-appointed counsel filed a supplement to defendant's motion alleging that defendant's sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
>
> At an evidentiary hearing on defendant's motion, both defendant and his former counsel testified. The trial court determined – largely based on a finding that defendant's former counsel was more credible than defendant – that defendant had failed to carry his burden of proving that counsel's actions were professionally unreasonable and prejudicial to defendant. In addition, the court concluded that defendant's sentence was constitutional. Defendant then filed this appeal.

*Lucas II* at 3-4 (app. N at 3-4).

The Colorado Court of Appeals affirmed the trial court's decision, considering nine factual grounds that Mr. Lucas had presented to the trial court in support of his ineffective assistance claim and affirming the trial court's rejection of all these grounds. *See Lucas II* at 5-8 (app. N at 5-8). The state appeals court also considered a ground the trial court did not specifically address and found that the record did not support it.

*See id.* at 8-9. On June 2, 2008, the Colorado Supreme Court denied certiorari review. *See* app. P.

On January 7, 2009, the Court received Mr. Lucas's habeas corpus application, which was filed on January 15, 2009. He raises four claims:

> 1. Violation of his Sixth Amendment right to be tried before an impartial tribunal.
>
> 2. Violation of his Sixth Amendment right to the effective assistance of trial counsel, in that counsel was unprepared for trial.
>
> 3. Violation of his First Amendment right to petition the government for redress of grievances due to counsel's ineffective assistance, in that counsel failed to:
>    a. seek to suppress evidence found in Applicant's home and vehicle, and
>    b. bring to the attention of the trial court Applicant's incompetence to stand trial.
>
> 4. Violation of his Sixth Amendment right to effective assistance of counsel, in that counsel failed to:
>    a. inform Applicant of a plea bargain,
>    b. obtain an expert to test various seized items of evidence,
>    c. present expert testimony in the area of automobile mechanics,
>    d. present testimony of one of the arresting officers,
>    e. present testimony of the owner of the vehicle, and
>    f. present testimony of Applicant's employer.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

6

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Mr. Lucas's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Lucas had forty-five days to file a notice of appeal after he was sentenced on October 28, 2002. As a result, the Court finds that Mr. Lucas's conviction became final on December 12, 2002. The Court also finds that the one-year limitation period began to run on December 13, 2002, the day after his conviction became final, and expired on December 13, 2003, because Mr. Lucas does not allege that he was prevented by

7

unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

Mr. Lucas's attempts to obtain free transcripts did not toll the limitation period. **See May v. Workman**, 339 F.3d 1236, 1237 (10th Cir. 2003) (limitation period not tolled during pendency of applicant's various motions for transcripts and petitions for writs of mandamus relating to those motions). Because the limitation period expired before Mr. Lucas filed his Colo. R. Crim. P. 35(c) motion on September 21, 2005, the motion did not toll the limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations."). The application, which was filed on January 15, 2009, more than five years after the limitation period expired on December 13, 2003, is untimely.

However, the one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. **See Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. **See Miller**, 141 F.3d at 978. "[L]ack of access to a trial transcript does not preclude an applicant from

8

commencing post-conviction proceedings and therefore does not warrant equitable tolling." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *see also Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (one-year limitation period is not tolled by state's failure to provide applicant with complete trial transcript, as applicant was not prevented from filing application as result of state's failure). Finally, Mr. Lucas bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

In the instant action, Mr. Lucas elected to obtain transcripts before he filed his Colo. R. Crim. P. 35(c) postconviction motion on September 21, 2005. Such an election was within Mr. Lucas's control and does not qualify as diligent pursuit of his claims because in Colorado, evidentiary support is not required to assert a claim for postconviction relief. *See White v. District Court*, 766 P.2d 632, 635 (Colo. 1988). Although waiting to file his Colo. R. Crim. P. 35(c) motion until after receiving the transcripts did not render his state postconviction motion untimely, *see* Colo. Rev. Stat. § 16-5-402(1) (defendant has three years from date of conviction to attack conviction collaterally), such delay does not comport with the diligence Congress requires by imposing a one-year limitation period. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (recognizing that interaction of 28 U.S.C. § 2244(d) with state procedural rules may force a state prisoner to act expeditiously to preserve federal claims despite procedural lenience of a state law that may forgive substantial delay). Mr. Lucas fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Lucas fails to demonstrate that equitable tolling is

appropriate, and the instant action will be dismissed as barred by the one-year limitation period.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 3 day of June, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00064-BNB

Gerald Lynn Lucas
Prisoner No. 64294
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst, III
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/4/09

         GREGORY C. LANGHAM, CLERK

         By: _____
            Deputy Clerk